Carla J. Feldman, State Bar No. 119864
Amy B. Pinske, State Bar No. 237819
CAF Law Group
8444 Wilshire Blvd., 8th Floor
Beverly Hills, CA  90211
Tel:    323.202-2200
Fax:   323.218.8686
Email:   carla@caf-lawgroup.com
             amy@caf-lawgroup.com

Attorneys for Defendants
The Salvation Army and Daniel Guhl

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISON

| | |
|---|---|
| DARRYL C. CARTER,<br><br>             Plaintiff,<br><br>    vs.<br><br>SALVATION ARMY; USDA; CARL RISCH; JAMES P. SHAK; BRYAN E. SCHUBERT; DANIEL GUHL; and DOES 1-15,<br><br>             Defendants. | Case No. 5:19-cv-03096-VKD<br><br>**DEFENDANT THE SALVATION ARMY AND DANIEL GUHL'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:   May 6, 2019<br>Trial Date:             Not set |

Defendants The Salvation Army ("The Army") and Daniel Guhl (together "Defendants") hereby answer the Complaint ("Complaint") of Plaintiff Darryl C. Carter, admitting or denying the allegations thereof and alleging as follows:

## PARTIES

1. The Salvation Army admits it is organized as a nonprofit religious corporation under the laws of the State of California, and that its Emmanuel House Program includes providing emergency shelter accommodations to homeless individuals and that its premises is located at 405 North 4th Street in San Jose, California, 95112. Defendants admit that Daniel Guhl is the Program Director at Emmanuel House. Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 1 and on that basis deny the allegations.

2. Defendants admit that Darryl C. Carter is African American and currently is located at 405 N. 4th Street, San Jose CA, 95112. Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 2 and on that basis deny the allegations.

## JURISDICTION AND VENUE

3. The allegations in Paragraph 3 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they have harmed Plaintiff.

## FACTUAL BACKGROUND

4. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 4.

5. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 5.

6. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 6.

7. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 7.

8. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 8.

9. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 9.

10. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 10.

11. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 11.

12. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 12.

13. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 13.

14. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 14.

15. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 15.

16. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 16.

17. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 17.

18. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 18.

19. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 19.

20. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 20.

21. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 21.

DEFENDANT'S ANSWER TO COMPLAINT

22. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 22.

23. Defendants admit Plaintiff arrived at Emmanuel House on or around April 10, 2019, that he was provided shelter and information about the Emmanuel House, that at times its emergency shelter program requires a lottery system be used if the number of accommodations available is less than the demand, and that the other programs do not use a lottery system.

24. Defendants admit Plaintiff entered a volunteer program on or around April 11, 2019 and that he completed paperwork. Defendants lack sufficient knowledge to admit or deny Plaintiff's motivations or who Plaintiff asked for a copy of the paperwork, as Plaintiff does not identify anyone.

25. Defendants admit Plaintiff received an assigned bed and was not required to move his belongings each day. Defendants deny that Plaintiff never received a locker. Defendants admit that there are generally Dorm assignments, but they may change due to occupancy numbers. Defendants lack sufficient knowledge to admit or deny what Plaintiff believed or understood, and the remaining allegations about other unnamed individuals in Paragraph 25 and on that basis deny the allegations.

26. Defendants admit that Plaintiff assisted in the kitchen per Daniel Guhl. Defendants lack sufficient knowledge to admit or deny what Plaintiff believed and understood and on that basis deny the allegations.

27. Defendants admit that there was a conversation between Plaintiff and another individual named Jordan about Plaintiff going into the kitchen to obtain gloves, and deny the remaining allegations in Paragraph 27.

28. Defendants lack sufficient knowledge to admit or deny Plaintiff's stated actions and who the unknown person is that is referred to, and deny the remaining allegations in Paragraph 28.

///

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants admit that Plaintiff's picture was taken for the purposes of obtaining a bus pass for him and that a work mobile telephone was used by Daniel Guhl to take and submit the picture to obtain the bus puss.

32. Defendants admit that devotional services are had at different times during the week, including in the morning. Defendants admit that at some time Plaintiff was advised that cell phone use was prohibited. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 32 and on that basis deny the allegations.

33. Defendants deny that the term J-CATS is a term approved for use by the Emmanuel House. Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 33, and on that basis deny the allegations.

34. Defendants lack sufficient knowledge to admit or deny Plaintiff's history as it relates to drug or alcohol abuse, and deny the remaining allegations in Paragraph 34.

35. Defendants lack sufficient knowledge to admit or deny what Plaintiff alleges to have seen and on that basis deny the allegations in Paragraph 35.

## COUNT I

36. Paragraph 36 contains a heading to which no response is required.

37. Defendants incorporate by reference their responses to Paragraphs 1-35 above.

38. Defendants lack sufficient knowledge to admit or deny whether Plaintiff has a history of alcohol or substance abuse or Plaintiff's background in arriving to Emmanuel House. Paragraph 38 also contains legal conclusions to which no response is required. Defendants deny that they interfered with Plaintiff's religious expression.

///

1   39. Defendants lack sufficient knowledge to admit or deny Plaintiff's religious views. Defendants deny the remaining allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants lack sufficient knowledge to admit or deny Plaintiff's stated actions and who the unknown person is that is referred to. Defendants admit that participants in the Motive Men program pay a fee and have different requirements than individuals in other programs. Defendants deny any unlawful conduct and the remaining allegations in Paragraph 41.

42. Defendants lack sufficient knowledge to admit or deny what Plaintiff believes. Defendants deny the remaining allegations in Paragraph 42.

43. Defendants lack sufficient knowledge to admit or deny what Plaintiff believes, and Plaintiff does not identify the person with whom he had the alleged conversation. Defendants deny the remaining allegations in Paragraph 43.

44. Defendants admit The Salvation Army complies with all laws regarding religious discrimination, and state that any posted notice speaks for itself. Defendants deny the remaining allegations in Paragraph 44.

45. Defendants lack sufficient knowledge to admit or deny what Plaintiff believes. Defendants deny the remaining allegations in Paragraph 45.

46. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 46.

47. The allegations in Paragraph 47 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations and deny that Plaintiff is entitled to relief.

## COUNT II

48. Paragraph 48 is a header to which no response is required.

49. Defendants incorporate by reference their responses to Paragraphs 1-35 above.

///

50. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 50.

51. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 51.

52. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 52.

53. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 53.

54. Paragraph 54 states legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 54.

55. Paragraph 55 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations or that Plaintiff is entitled to relief.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses to the Complaint, and each cause of action contained therein, Defendants allege as follows

## FIRST AFFIRMATIVE DEFENSE
## (Improper or Inconvenient Forum or Venue)

56. Plaintiff's claims are barred in whole or in part because they have been filed in an improper or inconvenient forum or venue.

## SECOND AFFIRMATIVE DEFENSE
## (Failure to State a Cause of Action)

57. Plaintiff's Complaint, and each claim contained therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

///

///

///

## THIRD AFFIRMATIVE DEFENSE
## (Statute of Limitations)

58. Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

## FOURTH AFFIRMATIVE DEFENSE
## (Justification and/or Privilege)

59. Plaintiff's claims are barred in whole or in part because Defendants' acts and omissions were justified and/or privileged.

## FIFTH AFFIRMATIVE DEFENSE
## (Good Faith)

60. Plaintiff's claims are barred in whole or in part by Defendants' good faith and/or good faith legal defense.

## SIXTH AFFIRMATIVE DEFENSE
## (Consent/Ratification)

61. Plaintiff's claims are barred in whole or in part because he has consented to or ratified the actions of Defendants.

## SEVENTH AFFIRMATIVE DEFENSE
## (Waiver)

62. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE
## (Unclean Hands)

63. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
## (Estoppel)

64. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

65. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

66. Plaintiff's recovery is barred in whole or in part because he failed to take reasonable measures to mitigate his damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Setoff and Recoupment)

67. If any damages have been sustained by Plaintiff, although such is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all payments to Plaintiff, and/or all obligations of Plaintiff owed to Defendants against any judgment that may be entered against Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity/Proportional Fault/Comparative Negligence)

68. Plaintiff's alleged injuries are the result, in whole or in part, of the acts or omissions of entities or individuals other than Defendants, including Plaintiff. Defendants' liability, if any, must be reduced by any percentage of fault attributable to those other entities and/or individuals.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Not Available)

69. Plaintiff fails to allege in the Complaint facts sufficient to support an award of punitive damages. Additionally, at no time whatsoever did Defendants act with malice, fraud, and/or oppression. Consequently, for the foregoing reasons, punitive damages are not available as a matter of law.

///

///

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Punitive Damages Unconstitutional)**

70. An award of punitive or exemplary damages would be an unconstitutional denial of Defendants' right to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and Articles I and IV of the California Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(Res Judicata)**

71. Plaintiff's Complaint, and each claim contained therein, is barred in whole or in part by the doctrine of res judicata.

## SEVENTEENTH AFFIRMATIVE DEFENSE

**(Accord and Satisfaction)**

72. Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised his claims herein, and accordingly, said claims are barred by operation of law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

**(Proximate Cause)**

73. Plaintiff's Complaint and each claim contained therein, is barred in whole or in part on the ground that any damages sustained by Plaintiff, which Defendants deny, were not proximately caused or contributed to by Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

**(Unjust Enrichment)**

74. Plaintiff's Complaint, and each claim contained therein, is barred in whole or in part by the doctrine of unjust enrichment.

## TWENTIETH AFFIRMATIVE DEFENSE

**(Due Care/Satisfaction of Duty)**

75. Defendants acted with due care at all times and satisfied, fulfilled,

///

complied with, and performed each and every obligation and duty imposed by law or contract to the full extent of their responsibility

### RESERVATION OF RIGHTS

Defendants presently have insufficient knowledge and/or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional defenses if and when it becomes necessary or appropriate to do so.

**WHEREFORE**, Defendants pray for judgment as follows:

1. That Plaintiff take nothing from this action;
2. That judgment be entered in favor of Defendants and against Plaintiff;
3. That Defendants be awarded their costs of suit;
4. That Defendants be awarded their attorneys' fees according to proof; and
5. That Defendants be awarded such other and further relief as the Court may deem proper.

Dated: June 11, 2019                                CAF LAW GROUP


By     /s/
    Carla J. Feldman
    Attorneys for Defendants
    The Salvation Army and Daniel Guhl